```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

GORDON FORSTER LAWSON,

                1:18-cv-17459-NLH

      Appellant,

   v.                  **MEMORANDUM OPINION & ORDER**

DANIEL J. GALLAGHER and
ISABELA C. BALBOA,

      Appellees.

---

WHEREAS, on December 20, 2018, Appellant Gordon Forster Lawson appealed an order of the Bankruptcy Court to this Court (ECF No. 1); and

WHEREAS, pursuant to Federal Rule of Bankruptcy Procedure 8009, Appellant had 14 days from the date the notice of appeal became effective to file a designation of items to be included in the record on appeal and a statement of the issues to be presented; and

WHEREAS, on January 8, 2019, the Deputy Clerk of the Bankruptcy Court for this District filed a certification explaining that Appellant failed to timely file a designation of items to be included in the appeal (ECF No. 2); and

WHEREAS, therefore, on January 9, 2019, this Court dismissed Appellant's appeal under Federal Rule of Bankruptcy Procedure 8003 for failure to comply with Bankruptcy Rule 8009

(ECF No. 3); and

WHEREAS, on January 14, 2019, Appellant moved to reinstate the appeal, which this Court classified as a motion for reconsideration, (ECF No. 4), and which this Court denied by Order dated February 5, 2019 (ECF No. 5); and

WHEREAS, Appellant appealed this Court's Order denying reinstatement of the appeal to the Court of Appeals for the Third Circuit (ECF No. 6); and

WHEREAS, on October 30, 2019, the Court of Appeals issued an Opinion and Mandate vacating this Court's Order entered February 5, 2019 and remanding this matter for further proceedings consistent with the Court of Appeals' decision (ECF No. 9); and

WHEREAS, on remand, the Court of Appeals directed this Court to consider whether a sanction less severe than dismissal of Appellant's bankruptcy appeal was appropriate, In re Lawson, 774 Fed. Appx. 58, 59-60 (3d Cir. 2019); and

WHEREAS, more particularly, the Court of Appeals explained that while "[a]s a general matter, district courts are permitted to dismiss bankruptcy appeals when appellants fail to comply with Rule 8009(a)(1)[,]" not "every failure to follow procedural rules mandates dismissal of the appeal." Id. at 59 (citations and internal quotation marks omitted); and

WHEREAS, the Court of Appeals directed this Court to

2

consider "what sanction, if any, is an appropriate response to Appellant's failure to comply with Fed. R. Bankr. P. 8009(a)(1). Id. at 60; and

WHEREAS, the Court of Appeals directed the Court to consider the factors outlined in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) in determining any appropriate sanction; and

WHEREAS, on November 5, 2019, following issuance of the Court of Appeals' decision, Appellant filed a renewed motion to accept his designation papers as timely (ECF No. 11); and

WHEREAS, finding that Appellant's November 5 motion papers did not provide sufficient information for this Court to conduct the requisite Poulis analysis, on November 7, 2019, this Court entered an Order (1) inviting Lawson to explain why some sanction lesser than dismissal was appropriate, (2) inviting Respondents to answer any submission by Lawson, and (3) placing Lawson on notice that the Court was considering dismissing his action for non-compliance with Court Rules and deadlines (ECF No. 13); and

WHEREAS, Appellant responded to that Order on November 15, 2020 (ECF No. 14), advancing several arguments as to why dismissal was inappropriate; and

WHEREAS, on May 18, 2020, the Court issued a Memorandum Opinion & Order (ECF No. 15), in which it addressed Appellant's

3

arguments and assessed whether dismissal was appropriate at that time under the Poulis factors; and

WHEREAS, upon analysis of the Poulis factors, the Court determined that dismissal was not warranted at that time, but further warned Appellant that "any further delays in this action will not be viewed favorably, and he should expect that further delinquencies or non-compliance with Court Rules or Orders will be met with Orders to Show Cause as to why more severe sanctions, including monetary penalties and dismissal of this action, should not be imposed;" and

WHEREAS, the Court's May 18, 2020 Order further ordered that "Lawson shall have thirty (30) days to file and serve his designation papers in the manner required by Fed. R. Bankr. P. 8009(a)(1)(A);" and

WHEREAS, it appears that Appellant filed his designation papers on June 11, 2020, (ECF No. 17; Case. No. 18-13354-ABA, ECF No. 177-179)[1]; and

WHEREAS, Rule 8018(a) provides:

> (a) Time to Serve and File a Brief. The following rules apply unless the district court or BAP by order in a particular case excuses the filing of briefs or specifies different time limits:

---

[1] While the Bankruptcy Clerk never alerted this Court that Appellant had done so as directed in the Court's May 18, 2020 Order, for present purposes the Court accepts that Appellant's June 11, 2020 filings on this docket and in the bankruptcy action constitute a proper designation of record filed in response to the Court's Order.

> (1) The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically.
>
> . . .
>
> (4) If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal—or the district court or BAP, after notice, may dismiss the appeal on its own motion. An appellee who fails to file a brief will not be heard at oral argument unless the district court or BAP grants permission.

Fed. R. Bankr. P. 8018(a); and

WHEREAS, Appellant's brief was therefore due on July 11, 2020, but Appellant has never filed his appellate brief despite his deadline having passed over ten months ago; and

WHEREAS, in consideration of Appellant's *pro se* status, the Court chose to grant him one last opportunity to comply with Rule 8018(a) and file his appellate brief in this action; and

WHEREAS, the Court accordingly issued an Order on April 14, 2021, which directed that Appellant "shall file his brief within 30 days of this Order" and gave him notice pursuant to Rule 8018(a)(4) that failure to file his brief and "any further delay or failure to comply with the relevant rules will result in dismissal of this appeal," (ECF No. 18); and

WHEREAS, more than 30 days have passed since the issuance of the Court's Order, but Appellant has failed to file his

appellate brief or respond to the Court's Order in any way; and

WHEREAS, Poulis sets forth six factors that courts in this Circuit consider in determining whether the sanction of dismissal is appropriate: the extent of the party's personal responsibility for the late filing, the prejudice to the adversary caused by the failure to meet deadlines, a history of dilatoriness, whether the conduct of the party was willful or in bad faith, the effectiveness of sanctions other than dismissal, and the meritoriousness of the action. Poulis, 757 F.2d at 868; and

WHEREAS, as to the first Poulis factor, the extent of the party's personal responsibility, Appellant is appearing *pro se* in this action and is therefore personally responsible for any delays and the failure to abide by the relevant Rules and Orders of this Court, Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney."). He has in fact been repeatedly warned that further failure to abide by the relevant Rules and Orders of this Court, and further delay in prosecuting his appeal, may result in dismissal. The Court therefore finds that the first Poulis factor weighs in favor of dismissal; and

6

WHEREAS, as to the second Poulis factor, prejudice to the adversary, while the Court recognizes that the Appellees have never filed any response or other filing in this action, that is likely because this appeal has nonetheless been pending for nearly two and a half years, with Lawson having never filed an appellate brief. The Court therefore finds that this factor is at best neutral, and likely leans closer to weighing in favor of dismissal; and

WHEREAS, as to the third Poulis factor, the history of dilatoriness, the Court finds that Appellant has consistently and repeatedly missed deadlines since the inception of this appeal, including having most recently failed to respond to the Court's April 14, 2021 Order. Over two and a half years have passed without the filing of his initial appellate brief due to previous delays and Appellant's failures to abide by the relevant Rules, and over 10 months have now passed since his deadline to originally file that brief. The Court therefore finds that this factor weighs strongly in favor of dismissal; and

WHEREAS, as to the fourth Poulis factor, whether the conduct of the party was willful or conducted in bad faith, while the Court concluded in its May 18, 2020 Order that his conduct was not at that point willful or in bad faith because he had provided reasonable explanation and his delays had been

7

relatively short, the Court finds that he has since missed his deadline to file his appellate brief by over ten months, failed to comply with or respond to this Court's April 14, 2021 Order which granted him another opportunity to file his brief, and has provided no explanation as to this significant delay or his failure to file his appellate brief. The Court therefore finds that, given his repeated failure to comply with the relevant Rules and this Court's Orders, his conduct appears to be willful and this factor weighs in favor of dismissal; and

    WHEREAS, as to the fifth <u>Poulis</u> factor, the effectiveness of sanctions other than dismissal, the Court finds that no sanction short of dismissal would be appropriate here. Appellant has been given numerous chances to properly prosecute his appeal, including yet another opportunity to file his appellate brief ten months late which was accompanied by an explicit warning regarding potential dismissal of his action. As of this date, over two and a half years have passed since the initial filing of this appeal and yet no briefing has ever been filed due to Appellant's delays and failures to abide by the relevant rules for bankruptcy appeals. This Court has given Appellant multiple chances to properly appeal the Bankruptcy Court's Order, and he has repeatedly failed to do so. The Court therefore finds that the only remaining appropriate sanction is dismissal; and

WHEREAS, as to the sixth Poulis factor, the meritoriousness of the claim or defense, the Court cannot reach a conclusion, because Lawson has never filed any briefing in this action which would permit the Court to assess the meritoriousness of his claims or arguments.  The Court therefore finds this factor is neutral in its analysis of whether to permit this action to proceed; and

WHEREAS, the Court therefore finds that at least four out of the six Poulis factors weigh strongly in favor of dismissal; and

WHEREAS, the Court therefore finds that dismissal of this appeal for failure to comply with Federal Rule of Bankruptcy Procedure 8018(a), as well as for failure to prosecute this appeal, is therefore appropriate;

THEREFORE, IT IS on this 21st day of June, 2021

ORDERED Appellant Lawson's appeal of the Bankruptcy Court's Order is therefore DISMISSED; and it is further

ORDERED that the Clerk of the Court shall mark this action as CLOSED; and it is further

ORDERED that the Clerk of the Court shall mail a copy of this Order to Appellant via regular mail.

At Camden, New Jersey
/s Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.